UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     Plaintiff,

v.

ONE RED 2003 HUMMER H2
VIN: 5GRGN23U93H118675,

     Defendant.

**DECISION AND ORDER**
13-CV-993S

## I. INTRODUCTION

In this action, the government seeks forfeiture of a red 2003 Hummer H2 (the "Vehicle") under 21 U.S.C. §§ 881(a)(4) and (a)(6). Claimant Ivory Payne ("Payne") contests the forfeiture and seeks return of the Vehicle, which is titled to him. Presently before this Court is the government's motion for summary judgment or, in the alternative, to dismiss Payne's claim for lack of standing. For the following reasons, the government's motion to dismiss is denied, but its motion for summary judgment is granted.

## II. BACKGROUND

On May 9, 2013, officers from the Niagara Falls Police Department stopped the Vehicle for failure to stop at a stop sign. (Plaintiff's Rule 56 Statement of Undisputed Facts ("Plaintiff's Statement"), Docket No. 22-1, ¶ 1). Shateek Payne (Payne's son) was driving; Joachim Sylvester and Michael Payne were passengers. (Plaintiff's Statement, ¶ 1). After seeing him reach for his waistband, officers directed Shateek Payne to exit the Vehicle. (Plaintiff's Statement, ¶ 2). Shateek Payne then consented to a search of

1

the Vehicle and advised officers that there were no weapons or illegal items on board. (Plaintiff's Statement, ¶ 2).

During the search, officers noticed the strong smell of marijuana emanating from the rear area of the vehicle and observed an open black garbage bag containing 15 bags of marijuana, totaling 7.5 pounds. (Plaintiff's Statement, ¶ 2). Officers arrested Shateek Payne and charged him with criminal possession of marijuana and traffic violations. (Plaintiff's Statement, ¶ 3). They also charged the passengers with criminal violations[1] and they seized the Vehicle. (Plaintiff's Statement, ¶¶ 3, 5).

Payne testified in his deposition that he purchased the Vehicle in 2012 for $2,000 from a woman named "Tomasina." (Deposition of Ivory Payne ("Payne Dep."), Docket No. 22, Exhibit 2, p. 11.) He purchased the Vehicle in cash from his own funds earned through his employment at the Board of Elections and his pension from the New York State Juvenile Correction System, where he worked for 30 years. (Payne Dep., pp. 10, 12, 21.) Payne stated that he was unaware that the National Automobile Dealers Association guidelines for a 2003 Hummer H2 listed a rough trade-in value of $9,300 and a clean trade-in value of $15,800.[2] (Payne Dep., pp. 21, 22).

In 2013, Payne owned three vehicles and drove the Vehicle 75% of the time. (Payne Dep., p. 22). He also allowed three of his children, including Shateek Payne, to drive the Vehicle. (Payne Dep., pp. 14, 17, 22, 57.) None of the children had keys to the Vehicle; they had to ask Payne for the keys and for permission to use the Vehicle.

---

[1] Officers searched Joachim Sylvester and found him to be in possession of 27 Opana 30 mg pills not in their original container, along with $1,200 in counterfeit currency. Officers charged Sylvester with criminal possession of a controlled substance with intent to sell, criminal possession of marijuana, and criminal possession of a controlled substance. Officers charged Michael Payne with criminal possession of marijuana. (Plaintiff's Statement, ¶ 3).

[2] These values appear to be as of September 25, 2014. (See NADA Price Report, Docket No. 22, Exhibit 3, p. 2).

(Payne Dep., pp. 18, 45, 46.) Payne paid for gas for the Vehicle and for all maintenance. (Payne Dep., pp. 18-19.) Payne also held insurance on the Vehicle in his own name; Shateek Payne was not a listed driver. (Payne Dep., p. 14.) When the Vehicle was seized, it contained many items, most of which belonged to Payne's sons---Shateek and Andre. (Payne Dep., pp. 24, 59.) It also contained Payne's eyeglasses and phone charger. (Payne Dep., p. 24.)

On or about July 2, 2013, Payne submitted a claim to the Drug Enforcement Administration ("DEA") to halt administrative forfeiture proceedings against the Vehicle in favor of judicial forfeiture proceedings. (Plaintiff's Statement, ¶ 5). On October 1, 2013, the government commenced this *in rem* action by verified complaint seeking forfeiture of the Vehicle under 21 U.S.C. §§ 881(a)(4) and (a)(6). (Plaintiff's Statement, ¶ 13; Docket No. 1). On November 1, 2013, Payne filed a claim and answer to the complaint contesting forfeiture of the Vehicle. (Plaintiff's Statement, ¶ 14; Docket Nos. 6, 7).

On March 27, 2015, the government filed the instant motion for summary judgment or, in the alternative, to dismiss, arguing that the Vehicle is forfeitable under 21 U.S.C. §§ 881(a)(4) and (a)(6) because (1) it was used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance; and/or (2) it is proceeds traceable to such exchanges in violation of Title 21, U.S.C., Subchapter I of Chapter 13, Section 801 <u>et seq.</u>; and (3) Payne is not an innocent owner. The government alternatively moves to dismiss and strike Payne's claim and answer for lack of standing.

## III.     DISCUSSION

**A.     Standing**

To contest a forfeiture action, a claimant must have proper standing. United States v. One 2000 Mercedes Benz Bearing VIN WDBLJ70G0YF127256, No. 09-CV-6543, 2010 WL 4452096, at *2 (W.D.N.Y. 2010). Standing is a threshold issue: if a claimant lacks standing, the court lacks jurisdiction to consider his challenge to the forfeiture. United States v. Vehicle: One 1990 Nissan Pathfinder, VIN: JN8HD 17YOLW213075, No. 92-CV-1336, 1994 WL 476704, at *3 (N.D.N.Y. Sept. 2, 1994) (citing Mercado v. United States Customs Serv, 873 F.2d 641, 644 (2d Cir. 1989) and United States v. One 1982 Porsche 928, 732 F. Supp. 447, 451 (S.D.N.Y. 1990)). The claimant bears the burden of establishing standing. Mercado, 873 F.2d at 644; One 1982 Porsche 928, 732 F. Supp. at 451.

For proper standing, a claimant must first demonstrate a "possessory or ownership interest in the subject property." One 1982 Porsche 928, 732 F. Supp. at 451. Possession requires a custodial interest as well as "domination or supremacy of authority over the property in question." Mercado, 873 F.2d at 644. "While ownership may be proven by actual possession, dominion, control, title and financial stake, '[t]he possession of bare legal title to the res may be insufficient,' absent other evidence of control or dominion over the property." One 1982 Porsche 928, 732 F. Supp. at 451 (quoting United States v. One 1945 Douglas C-54 (DC-4) Aircraft, Serial No. 22186, 604 F.2d 27, 28-29 (8th Cir. 1979)).

Accordingly, "[a] certificate of title and motor vehicle registration are not dispositive within the context of forfeiture challenges." United States v. Vehicle: One

4

1990 Nissan Pathfinder, VIN: JN8HD 17YOLW213075, No. 92-CV-1336, 1994 WL 476704, at *3-*4 (N.D.N.Y. Sept. 2, 1994) (citing United States v. One 1974 Jensen Interceptor, Vin #23109665, No. 82 CIV. 7215-CSH, 1985 WL 3814, at *3 (S.D.N.Y. Nov. 19, 1985)). Rather, the issue of ownership "turns primarily upon the identity of the individual exercising dominion and control over the vehicle, he (or she) being regarded as its true owner." One 1974 Jensen Interceptor, Vin #23109665, 1985 WL 3814, at *3. Thus, in determining standing in civil forfeiture cases, the court must look beyond bare legal title and examine whether the record owner is the true owner, or merely a "strawman" set up to avoid forfeiture. See One 1990 Nissan Pathfinder, 1994 WL 476704, at *3 (citing One 1982 Porsche 928, 732 F. Supp. at 451).

      The government argues that Payne lacks standing because he was simply a strawman or nominee owner. That is, he held title in his name for Shateek Payne but had no dominion or control over the Vehicle. The testimony elicited at Payne's deposition, however, belies the notion that he possessed insufficient custody, dominion, or control over the Vehicle to confer standing: he purchased the Vehicle; he held title to the Vehicle; he insured the Vehicle; he maintained the Vehicle; he held the keys to the Vehicle; he drove the Vehicle 75% of the time; he allowed others to drive the Vehicle only with his permission; and his possessions were recovered from the Vehicle. In this Court's view, this is a sufficient showing of possessory interest to confer standing. The government's motion to dismiss is therefore denied.

**B.     Summary Judgment Standard**

      Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

In deciding a motion for summary judgment, the evidence and the inferences drawn from the evidence must be "viewed in the light most favorable to the party opposing the motion." Addickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct.1598, 1609, 26 L. Ed. 2d 142 (1970). "Only when reasonable minds could not differ as to the import of evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991). The function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. "Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996).

But a "mere scintilla of evidence" in favor of the nonmoving party will not defeat summary judgment. Anderson, 477 U.S. at 252. A nonmoving party must do more than cast a "metaphysical doubt" as to the material facts; it must "offer some hard evidence showing that its version of the events is not wholly fanciful." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); D'Amico v. City of N.Y., 132 F.3d 145, 149 (2d Cir. 1998). That is, there must be evidence from which the jury could reasonably find for the nonmoving party. Anderson, 477 U.S. at 252.

**C.      Civil Forfeiture Standards**

On April 25, 2000, Congress enacted the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub. L. No. 106–185, 114 Stat. 202 (2000), which significantly amended the procedures for civil forfeiture proceedings.  Under CAFRA, the government must prove its right to asset forfeiture by a preponderance of the evidence. 18 U.S.C. § 983(c)(1); see also United States v. $557,933.89, More or Less, In U.S. Funds, 287 F.3d 66, 76 n.5 (2d Cir. 2002); United States v. $49,766.29 U.S. Currency, No. 01-CV-191E(SC), 2003 WL 21383277, at *3 (W.D.N.Y. Jan. 22, 2003); cf. United States v. 4492 S. Livonia Rd., 889 F.2d 1258, 1267 (2d Cir. 1989) (outlining the previous burden-shifting framework under which the government first had to establish probable cause that an asset was subject to forfeiture before the claimant then bore the burden of rebutting this showing).

The Second Circuit has made clear that the "heightened burden of proof" now rests "solely with the Government to show by a preponderance of the evidence, rather than mere probable cause, that the [property is] subject to forfeiture." United States v. Sum of $185,336.07 U.S. Currency Seized From Citizen's Bank Account L7N-01967, No. 08-CV-6287L, 2014 WL 2575308, at *1 (W.D.N.Y. June 9, 2014)(citing United States v. Sum of $185,336.07 U.S. Currency Seized from Citizen's Bank Account L7N01967, 731 F.3d 189, 195-96 (2d Cir. 2013)).  Unlike the pre-CAFRA framework, the burden of proof never shifts to the claimant.  See $557,933.89, More or Less, In U.S. Funds, 287 F.3d at 79 ("[i]f the government fails to meet its burden of proof . . . the claimant need not produce any evidence at all—i.e., the claimant has no 'case' that he must present or 'elements' to which he bears the burden of proof").

Accordingly, under CAFRA,

> [i]n a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property—(1) the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture; (2) the Government may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture; and (3) if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense."

18 U.S.C. § 983(c); see also Sum of $185,336.07, 2014 WL 2575308, at *2 (When "'the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a [specific] criminal offense, or was involved in the commission of a [specific] criminal offense, the Government shall establish that there was a substantial connection between the property and the offense.'") (quoting 18 U.S.C. § 983(c)(3)) (alterations in original).

Thus, CAFRA "replaced the existing 'nexus standard' with the more rigorous 'substantial connection' test." Sum of $185,336.07, 2014 WL 2575308, at *1 (quoting Sum of $185,336.07, 731 F.3d at 195-96). "'Under the substantial connection test, the property either must be used or intended to be used to commit a crime, or must facilitate the commission of a crime. At minimum, the property must have more than an incidental or fortuitous connection to criminal activity.'" United States v. $7,679.00 U.S. Currency, Nos. 13-CV-7272A, 13-CV-1057A, 2016 WL 1258348, at *6 (W.D.N.Y. Mar. 31, 2016) (quoting United States v. Schifferli, 895 F.2d 987, 990 (4th Cir. 1990)).

But where the Government seeks forfeiture pursuant to 21 U.S.C. § 881(a)(6) on a theory that the property constitutes proceeds "traceable to" an exchange for narcotics, it need not prove that there is a substantial connection between the property and any specific drug transaction. Sum of $185,336.07, 2014 WL 2575308, at *2. Rather, "the Government may prove more generally, based on a totality of the circumstances, that the property is substantially connected to narcotics trafficking." Id. (quoting United States v. United States Currency in the Sum of One Hundred Eighty–Five Thousand Dollars more or less, 455 F. Supp. 2d 145, 149 (E.D.N.Y. 2006)); see also United States v. $60,020.00 U.S. Currency, 41 F. Supp. 3d 277, 287 (W.D.N.Y. 2011) (explaining that when seeking forfeiture on a proceeds theory, the government need not show a substantial connection between the property and any specific drug transaction, but may prove generally that the property is substantially connected to drug trafficking, based on a totality of the circumstances).

**D.     The Vehicle is Subject to Forfeiture under 21 U.S.C. § 881 (a)(4)**

Plaintiff first moves for summary judgment under 21 U.S.C. § 881(a)(4), alleging that the Vehicle was used in the facilitation of drug trafficking and that a substantial connection between the Vehicle and narcotics trafficking exists. Under 21 U.S.C. § 881(a)(4), "[a]ll conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1), (2), or (9)" are subject to forfeiture. 21 U.S.C. § 881(a)(4). Under this theory of forfeiture the government must establish that there was a substantial connection between the

property and the offense. 18 U.S.C. § 983(c)(3); Sum of $185,336.07, 731 F.3d at 195-96.

Here, Payne does not dispute that officers smelled marijuana in the Vehicle and then discovered 15 bags of marijuana (totaling approximately 7.5 pounds) and other drugs in the Vehicle. He also does not dispute that Shateek Payne and the other occupants in the vehicle were known to law enforcement and had past controlled substances convictions. Although Payne disputes whether Shateek Payne possessed the marijuana, that is of no moment, because the undisputed evidence establishes that the Vehicle was used to illegally facilitate, transport, or possess controlled substances. The government has therefore established by a preponderance of the evidence that there is a substantial connection between the Vehicle and drug trafficking. Thus, the government is entitled to summary judgment on the issue of whether the Vehicle is subject to forfeiture under 21 U.S.C. § 881 (a)(4). It is.[3]

**E.   Payne has Provided Insufficient Evidence that he is an Innocent Owner**

Having determined that the government is entitled to take the Vehicle in forfeiture under 21 U.S.C. § 881 (a)(4), the only remaining issue is whether Payne can nevertheless defeat forfeiture by establishing that he is an innocent owner of the Vehicle.

To prevent forfeiture, a claimant who has standing "may either rebut the government's proof of a substantial connection or raise an innocent owner defense under CAFRA." United States v. $421,090.00 in U.S. Currency, No. 11-CV-00341(JG), 2011 WL 3235632, at *3 (E.D.N.Y. July 27, 2011) (quoting Von Hofe v. United States,

---

[3] Because the Vehicle is subject to forfeiture under 21 U.S.C. § 881 (a)(4), it is unnecessary to determine whether the Vehicle is also forfeitable under 21 U.S.C. § 881 (a)(6).

492 F.3d 175, 180 (2d Cir. 2007)).  An innocent-owner defense is an affirmative defense to be proven by the claimant by a preponderance of the evidence.  See United States v. One Parcel of Prop., Located at 755 Forest Rd., Northford, Conn., 985 F.2d 70, 72 (2d Cir. 1993); 18 U.S.C. § 938(d)(1).

An "innocent owner" is one who "(i) did not know of the conduct giving rise to forfeiture; or (ii) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstance to terminate such use of the property."  18 U.S.C. § 983 (d)(2)(A).

On the first element, "where an owner has engaged in 'willful blindness' as to the activities occurring on her property, her ignorance will not entitle her to avoid forfeiture." United States v. Collado, 348 F.3d 323, 327 (2d Cir. 2003)(quoting One Parcel of Property, Located at 755 Forest Rd., Northford, Conn., 985 F.2d at 72).

On the second element, a person may show that he or she did all that reasonably could be expected to terminate use of the property by giving:

> (I) [ ] timely notice to an appropriate law enforcement agency of information that led the person to know the conduct giving rise to a forfeiture would occur or has occurred; and
>
> (II) in a timely fashion revoked or made a good faith attempt to revoke permission for those engaging in such conduct to use the property or took reasonable actions in consultation with a law enforcement agency to discourage or prevent the illegal use of the property.

18 U.S.C. § 983 (d)(2)(B)(i).

Here, Payne has offered no evidence to establish either element of the innocent-owner defense.  On the first element, far from not knowing of Shateek Payne's involvement in illegal controlled substances activities, Payne testified at his deposition

11

that he was well aware of it. For example, Payne testified that he knew Shateek Payne had previously been incarcerated for controlled substances offenses, that he had previously bailed Shateek Payne out of jail, that he knew that Shateek Payne was previously arrested and indicted for selling crack cocaine, and that he knew Shateek Payne smoked marijuana and had been in drug-treatment programs. (Payne Dep., pp. 26, 27-28, 29, 32, 34, 35, 44, 45.) Payne offers no evidence whatsoever that he was unaware of Shateek Payne's illegal controlled substances activities. He therefore fails to carry his burden on the first element of the innocent owner defense.

On the second element---that Payne did all that reasonably could be expected under the circumstance to terminate Shateek Payne's use of the Vehicle---Payne again fails to carry his burden. He has presented no evidence whatsoever that he either notified an appropriate law enforcement agency of Shateek Payne's illegal activities or revoked or attempted to revoke permission for Shateek Payne to use the Vehicle or took reasonable actions in consultation with a law enforcement agency to discourage or prevent the illegal use of the Vehicle. See 18 U.S.C. § 983 (d)(2)(B)(i). Accordingly, Payne has also failed to carry his burden on the second element of the innocent owner defense.

Because Payne has failed to present evidence from which it could be found by a preponderance of the evidence that he is an innocent owner of the Vehicle, the government is entitled to summary judgment on that issue.

### IV.   CONCLUSION

Payne has set forth sufficient evidence of standing to defeat the government's motion to dismiss. He has not, however, come forth with sufficient evidence to

withstand the government's motion for summary judgment. As detailed above, the government is entitled to summary judgment on the issue of forfeitability and Payne has presented no evidence from which a reasonable factfinder could determine that he is an innocent owner under the governing statute. Accordingly, the government is entitled to forfeiture of the Vehicle.

## V.  ORDERS

IT HEREBY IS ORDERED, that the government's Motion for Summary Judgment, or in the alternative, to Dismiss (Docket No. 22), is GRANTED in part and DENIED in part. The request for summary judgment is granted. The request to dismiss is denied.

FURTHER, that the Clerk of Court is directed to enter judgment in favor of the United States.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

**SO ORDERED.**

Dated:      December 30, 2016
            Buffalo, New York

                                                    /s/William M. Skretny
                                                  WILLIAM M.  SKRETNY
                                                  United States District Judge